18-3407-cv
Small v. Cuer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

PAMELA S. SMALL,

*Plaintiff-Appellee*,

v.                                                  No. 18-3407-cv

CARL CUER, INDIVIDUALLY AND AS A
CORRECTIONS OFFICER FOR THE NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,

*Defendant-Appellant*,

STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ATTICA
CORRECTIONAL FACILITY, JAMES CONWAY,
INDIVIDUALLY AND AS SUPERINTENDENT
FOR ATTICA CORRECTIONAL FACILITY,
SANDRA DOLCE, INDIVIDUALLY AND AS
DEPUTY SUPERINTENDENT OF PROGRAMS
FOR ATTICA CORRECTIONAL FACILITY,

*Defendants.**

-----------------------------------------------------------------

FOR APPELLANT: JAMES M. WUJCIK, Dadd, Nelson, Wilkinson & Wujcik, Attica, NY.

FOR APPELLEE: JENNIFER A. SHOEMAKER (Alina Nadir, *on the brief*), Underberg & Kessler LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment of the District Court is AFFIRMED.

Defendant-appellant Carl Cuer appeals from an amended judgment and damages award against him following a jury trial and from a decision of the

---

* The Clerk of Court is directed to amend the caption as set forth above.

District Court (Skretny, J.) granting in part and denying in part his motion under Rule 59 of the Federal Rules of Civil Procedure for a new trial or remittitur. The jury awarded more than $7 million in total to plaintiff-appellee Pamela Small on her discrimination, hostile work environment, and retaliation claims against Cuer and other defendants, including the New York State Department of Corrections and Community Service, under Title VII, the New York State Human Rights Law (NYSHRL), and 42 U.S.C. § 1983.[1] On appeal, Cuer argues that the District Court erred in precluding certain expert testimony and in only partially granting his motion for a new trial or remittitur. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review Cuer's challenge to the admissibility of expert testimony under a "highly deferential" abuse-of-discretion standard, sustaining the District Court's decision unless it is "manifestly erroneous." Restivo v. Hessemann, 846 F.3d 547, 575 (2d Cir. 2017) (quotation marks omitted). We find no such error

---

[1] The other defendants filed and then later withdrew a separate appeal. This appeal concerns only Cuer's challenges to the amended judgment entered against him.

here.   Cuer had the burden to show that the testimony was admissible by a preponderance of the evidence.   See United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007).   The District Court precluded Cuer's proffered expert from testifying about three tests that purported to identify exaggeration or malingering by Small, but only after concluding that Cuer failed to offer any evidence in favor of the reliability of any of the tests or otherwise rebut Small's challenge to the tests.   The District Court thus served its essential "gatekeep[ing] function" to ensure that expert opinions are based on a "reliable" methodology "reliably applied."   Restivo, 846 F.3d at 575 (quotation marks omitted); see Fed. R. Evid. 702.   Nor did the District Court err when it decided not to hold an evidentiary hearing on the challenged tests.   Such hearings are not an absolute requirement, see Williams, 506 F.3d at 161, and Cuer did not request one.   Finally, we reject Cuer's argument that the District Court applied the wrong standard when it cited a Florida state court case that excluded one of the challenged tests under the so-called Frye standard.   The District Court's ruling does not suggest that it was confused about the applicable standard, and, in any event, the District Court was permitted to consider Frye's "general

4

acceptance" test as a relevant factor "bearing on the [reliability] inquiry." See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 594 (1993).

We also find no error in the District Court's decision on Cuer's Rule 59 motion. We "conduct a narrow review of [a] district court's decision on a motion for remittitur or a new trial for abuse of discretion[,] . . . giv[ing] the benefit of every doubt to the judgment of the trial judge." Dancy v. McGinley, 843 F.3d 93, 113 (2d Cir. 2016) (quotation marks omitted). As an initial matter, we observe that the District Court granted Cuer's motion in part and that Small accepted a significant remittitur, reducing the $3.85 million compensatory damages award against Cuer to $2.88 million. At oral argument, Cuer's counsel affirmatively waived any argument that the damages award was duplicative, conceding that Cuer's challenge on appeal is limited to whether the damages award against him was excessive. But Cuer offers little more than conclusory assertions that the reduced award remained excessive. He does not challenge the sufficiency of unrebutted trial testimony that Small suffered approximately $2.3 million in economic damages. Likewise, the non-economic and punitive damages awards were supported by evidence of Cuer's egregious conduct,

including sending Small threatening messages, making unwanted advances after she asked him to stop, filing a false complaint accusing her of an inappropriate relationship with an inmate, and violating an order of protection.   The damages award against Cuer was also supported by testimony that Small suffered significant physical, psychological, and emotional harms as a result.   In sum, we conclude that the District Court's reduced award was supported by the trial record.

Finally, we conclude that the District Court did not abuse its discretion in holding that Cuer forfeited any objection to the jury instructions or verdict sheet by failing to object to either.   See Brown v. City of New York, 862 F.3d 182, 187 (2d Cir. 2017); Anderson Grp., LLC v. City of Saratoga Springs, 805 F.3d 34, 46 (2d Cir. 2015).   Cuer's assertion on appeal that he objected during an off-the-record conference is belied by the fact that, as he conceded at oral argument, when given the opportunity to memorialize any objections on the record, Cuer made none.

We have considered Cuer's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court